United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re APOLLO GROUP, INC. SECURITIES LITIGATION | Case No.: C 06-80270 MISC PVT<br><br>**ORDER TENTATIVELY GRANTING MOTION TO QUASH; AND SETTING BRIEFING AND HEARING ON MOTION TO COMPEL DEPOSITION** |

On September 22, 2006, the parties, and non-parties Julie Albertson and Mary Hendow ("Movants"), appeared for hearing on Movant's motion to quash deposition subpoenas.[1] Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that the motion to quash is TENTATIVELY GRANTED. The tentative order will become final if no party files a request for oral argument within five court days.

The documents sought are, at best, only tangentially relevant to the claims and defenses in this securities litigation. Defendants argue that the communications and information exchanged between Movants and the United States Department of Education ("DOE") are relevant to their defense that they did not have any duty to disclose a preliminary government report that they claim contains false information. However, the purported falsity of the information in that report is not dependent on the communications and information exchanged between Movants and the DOE. The

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

1 allegations in that report concern the activities of Defendant Apollo Group, Inc.'s subsidiary,
2 University of Phoenix ("UOP"). UOP either engaged in the alleged activities or not. The
3 documentation regarding UOP's compensation of its enrollment counselors are in the possession of
4 UOP, and thus are presumably available to it's parent company, Apollo Group, Inc. Defendants do
5 not contend that Movants are in possession of any documents that demonstrate any terms of UOP's
6 enrollment counselors' compensation which Defendants do not already have access to from UOP.
7 What Movants may have told the DOE about the terms of compensation simply does not impact
8 what those terms actually were. And the issue of whether Defendants had a duty to disclose the
9 DOE report is one step further removed from the question of what Movants told the DOE about the
10 terms of compensation. The duty to disclose depended on the nature of the statements actually in
11 the report, and the information known to Defendants at the time they chose not to disclose the report
12 publicly. At that time, Defendants did not have knowledge of the information they now seek to
13 discover. Thus, the information sought is not relevant to whether, *back then*, Defendants had a duty
14 to disclose the report.

15 Given the minimal relevance, if any, of the documents sought, along with the fact
16 Defendants already have access to copies of most of the documents sought, Movants' have made an
17 adequate showing that the burden on the non-party Movants to produce the documents outweighs
18 Defendants' need for the discovery. *See* FED.R.CIV.PRO. 45(c)(3)(A)(iv) (on timely motion, court
19 *shall* quash a subpoena if it subjects a person to undue burden). Movants have submitted the
20 declaration of their counsel stating they have approximately 25,000 documents in hard copy, and
21 thousands more in electronic form, which counsel has not yet completely reviewed and organized
22 for the *qui tam* litigation. He further attests that the most cursory review and organization of the
23 documents would require at least 150 hours of attorney time. This burden is simply not warranted
24 under the present circumstances.

25 IT IS FURTHER ORDERED that, if Defendants wish to compel further deposition testimony
26 from Movants, then Defendants shall file a motion to compel no later than October 3, 2006. Any
27 opposition shall be filed no later than October 10, 2006. Any reply shall be filed no later than
28 3:00 p.m. on October 13, 2006. The motion will be heard October 17, 2006. The briefing on any

such motion to compel shall include briefing on the issue of inadvertent production of documents by the DOE pursuant to Defendants' FOIA request.

IT IS FURTHER ORDERED that, in the event Movants file a motion requesting an order that Defendants return the documents which Movants contend were inadvertently produced by the DOE in response to Defendants' FOIA request,[2] they shall include briefing on the issue of this court's jurisdiction over any such motion.

IT IS FURTHER ORDERED that any motions regarding any other subpoenas issued in this district in connection with the Arizona District securities litigation shall be filed in this same "miscellaneous" case number C 06-80270.

IT IS FURTHER ORDERED that this case shall be designated an electronic filing case, as it appears all parties are already using the court's electronically filing system.

IT IS FURTHER ORDERED that, in the event any party files an objection to this order, the case shall immediately be reassigned to a District Judge. *See* FED.R.CIV.PRO. 72(a), *and* CIVIL L.R. 72-2.

Dated: 9/25/06

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] Movants indicated in their ex parte request to file a reply brief, filed herein on September 21, 2006, that they intend to seek such an order.